

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 10-10-14

_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MARTIN TORELLI,<br>　　　　Petitioner,<br><br>　　vs.<br><br>LOS ANGELES STATE POLICE, et al.,<br>　　　　Respondents. | Case No. CV 14-6700-DMG (RNB)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |

  On August 26, 2014, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody. It appears from the face of the Petition and the attachments thereto that petitioner's custody does not stem from the judgment of a State court. Rather, petitioner is being held in custody in an Oregon jail, pursuant to a fugitive warrant issued by the Los Angeles Superior Court after petitioner failed to appear for a court hearing. The warrant set bail in the amount of $500,000, and the judge before whom petitioner first appeared in Oregon apparently set bail in the same amount.

  28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). Because there is no State court judgment here, the Court deems the Petition to have been brought pursuant to

28 U.S.C. § 2241(c)(3), which empowers a district court to issue a writ of habeas corpus before a judgment is entered in a criminal proceeding. See McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

Under § 2241(b)(3), petitioner only is entitled to habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." Here, it appears from the face of the Petition and the attachments thereto that petitioner identifies himself as a "sovereign citizen" and is making the usual bogus arguments challenging the jurisdiction of the courts, the arrest warrant, and his detention pending the posting of the set bail amount that persons associated with the "freeman movement" make. However, even if the Court liberally construed the Petition as encompassing an excessive bail claim, dismissal of the Petition would be warranted under the reasoning of the Ninth Circuit in Lazarus v. Baca, 389 Fed. Appx. 700 (9th Cir. 2010), which the Court finds persuasive.

There, the petitioner was a pretrial detainee who was challenging her detention as a violation of the Excessive Bail Clause of the Eighth Amendment and due process. The district court had dismissed the petition pursuant to the Younger abstention doctrine. Applying a de novo standard of review to the district court's decision to apply Younger, the Ninth Circuit affirmed. It reasoned as follows:

> In Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court established that a federal court generally must abstain from hearing a case that would enjoin or otherwise interfere with ongoing state criminal proceedings. Absent limited exceptions, Younger abstention is required if four elements are met: (1) state proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the state proceedings provide the federal litigant an adequate opportunity to raise the federal claims; and (4) the federal proceedings would interfere with the state proceedings in a way that Younger disapproves. San Jose Silicon Valley Chamber of

*Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148-49 (9th Cir. 2007).

The district court correctly found that *Younger* abstention required dismissal of Lazarus's habeas petition. First, the parties agree that the state criminal proceedings are ongoing. Second, the state criminal proceedings implicate important state interests. See *Kelly v. Robinson*, 479 U.S. 36, 49, 107 S. Ct. 353, 93 L. Ed. 2d 216 (1986); *Rose v. Mitchell*, 443 U.S. 545, 585, 99 S. Ct. 2993, 61 L. Ed. 2d 739 (1979); *Younger*, 401 U.S. at 43-44, 91 S. Ct. 746. Third, Lazarus "had an 'adequate' or 'full and fair' opportunity to raise [her] federal claims in the state proceedings." *Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1019 (9th Cir. 1999); see *Moore v. Sims*, 442 U.S. 415, 425, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979); *Dubinka v. Judges of the Superior Ct.*, 23 F.3d 218, 224-25 (9th Cir. 1994). "*Younger* requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesys. Int'l*, 196 F.3d at 1020. The parties agree that Lazarus was permitted the opportunity to raise her federal constitutional claims before the California Superior Court, the California Court of Appeal, and the California Supreme Court. There is no suggestion that the state proceedings did not afford Lazarus an adequate opportunity to assert the legal claims presented in her habeas petition. Fourth, Lazarus's habeas petition threatens to interfere with the state criminal proceedings in a manner that *Younger* disapproves by inserting federal courts into the ordinary course of state criminal proceedings, with the attendant risk that Lazarus, if released on lower bail, may not appear at trial. Cf. *O'Shea v. Littleton*, 414 U.S. 488, 500-02, 94 S. Ct. 669, 38 L. Ed. 2d 674

3

(1974); Suggs v. Brannon, 804 F.2d 274, 279 (4th Cir. 1986); Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. Unit A June 1981); Wallace v. Kern, 520 F.2d 400, 405-06 (2d Cir. 1975).

Additionally, Lazarus has neither argued nor shown that an exception to Younger abstention applies. Exceptions to Younger abstention exist where there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); see Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003). Without more, we decline to fashion an exception to Younger abstention on the facts of this appeal.

In sum, on our de novo review, we conclude that Younger abstention requires dismissal of Lazarus's habeas petition.

Here, as in Lazarus, the state criminal proceedings are ongoing. Petitioner is unable to dispute that the state criminal proceedings pending against him implicate important state interests. Moreover, it appears from the face of the attachments to the Petition that petitioner, like Lazarus, had an adequate and full opportunity to raise an excessive bail claim before the Court in Oregon and still has the opportunity to challenge the bail amount in the California state courts. Further, petitioner's habeas petition, like Lazarus's, threatens to interfere with the state criminal proceedings in a manner that Younger disapproves by inserting federal courts into the ordinary course of state criminal proceedings, with the attendant risk that petitioner, if released on his own recognizance or on lower bail, may not appear at trial. Finally, like Lazarus, petitioner has neither argued nor shown that an exception to Younger abstention applies. For example, nowhere in the Petition or the attached documents does petitioner make a plausible argument that the pending charges against him were

brought by the District Attorney in bad faith without hope of obtaining a valid conviction. Moreover, the mere fact that petitioner must remain in custody because he is unable to satisfy the allegedly excessive bail is not sufficient to qualify for an exception to Younger because that argument would have applied as well to the $10 million bail amount set in Lazarus and would apply in every case in which the petitioner was making an excessive bail claim.

The Court therefore finds that, as in Lazarus, Younger abstention requires the dismissal of the Petition herein. See also, e.g., Robinson v. Sniff, 2009 WL 1037716, at *1 (C.D. Cal. Apr. 17, 2009) (dismissing on Younger grounds pretrial detainee's petition for writ of habeas corpus alleging, inter alia, setting of excessive bail); Sojourner v. Reed, 2009 WL 762517, at *1 (N.D. Ga. Mar. 20, 2009) (invoking abstention doctrine where state habeas petitioner making inter alia an excessive bail claim); Merrick v. Ornell, 1997 WL 12128, at *1 (N.D. Cal. Jan. 8, 1997) (invoking abstention doctrine where state habeas petitioner claiming that he was being held on excessive bail).

IT THEREFORE IS ORDERED that Judgment be entered summarily dismissing the Petition without prejudice.

DATED: October 7, 2014

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge

5